IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD JOSEPH PROKOP,

    Plaintiff,                     No. CIV S-07-1915 JAM KJM P

    vs.

JAMES E. TILTON, et al.,

    Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. This action is currently proceeding against defendant Koos (defendant) based upon an alleged violation of the Eighth Amendment. Defendant has filed a motion in which she asserts this action should be dismissed for plaintiff's failure to exhaust administrative remedies with respect to his claim prior to filing suit.

        A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

1        The exhaustion requirement is rooted in the Prison Litigation Reform Act, which
2   provides that "[n]o action shall be brought with respect to prison conditions under section 1983
3   of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C.
4   § 1997e(a). California Department of Corrections and Rehabilitation (CDCR) regulations
5   provide administrative procedures in the form of one informal and three formal levels of review
6   to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative
7   procedures generally are exhausted once a prisoner has received a "Director's Level Decision,"
8   or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. All
9   steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step
10  is unavailable to him; exhaustion during the pendency of the litigation will not save an action
11  from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). Defendants bear the
12  burden of proving plaintiff's failure to exhaust. Wyatt, 315 F.3d at 1119.

13       In his complaint, plaintiff alleges that on March 1, 2007, defendant purposefully
14  gave plaintiff the wrong medication, which resulted in plaintiff's passing out and experiencing
15  terrible pain, among other things. Plaintiff also asserts he did not exhaust administrative
16  remedies with respect to his allegations against defendant because the facts presented are "non-
17  gri[e]vable." Compl. at 3.[1]

18       The California Code of Regulations provides that an inmate may appeal "any
19  departmental decision, action, condition, or policy which they can demonstrate as having an
20  adverse effect on their welfare." Cal. Code Regs. tit. 15, § 3084.1. Plaintiff asserts several
21  reasons why this court should excuse the exhaustion requirement. None has any merit. Opp'n at
22  3-4.[2] Plaintiff also asks that the court stay this action while plaintiff exhausts administrative

---

[1] Page references are to those assigned by the court's CM/ECF system.

[2] For example, plaintiff asserts he should not have to exhaust administrative remedies because he seeks money damages, which he says cannot be obtained through the inmate grievance process. However, this argument has been specifically rejected by the Supreme Court. Booth v. Churner, 532 U.S. 731 (2001).

remedies. Id. at 4. The law is clear, however, that plaintiff must exhaust administrative remedies before bringing an action under 42 U.S.C. § 1983. McKinney, 311 F.3d at 1200.

For the foregoing reasons, the court will recommend that defendant's motion to dismiss be granted, that plaintiff's remaining claim be dismissed without prejudice for plaintiff's failure to exhaust administrative remedies with respect to his claim prior to filing suit and that this case be closed.[3]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Koos's motion to dismiss (#16) be granted;

2. Plaintiff's Eighth Amendment claim against defendant Koos be dismissed without prejudice for plaintiff's failure to exhaust administrative remedies with respect to his claim prior to filing suit; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////

/////

---

[3] Defendant also argues the court should dismiss any causes of action plaintiff has against defendant arising under California law. On April 22, 2008, the court screened plaintiff's complaint under 28 U.S.C. § 1915(A) and found that plaintiff's complaint states only a cause of action under the Eighth Amendment against defendant Koos. Even if this case were proceeding on causes of action based on California law as well, it would be appropriate to decline to accept supplemental jurisdiction under 28 U.S.C. § 1367. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988) (when all federal claims have been dismissed before trial, the interests promoted by supplemental jurisdiction are no longer present, and a court should decline to exercise jurisdiction over state law claims).

1 | that failure to file objections within the specified time may waive the right to appeal the District
2 | Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: January 22, 2009.

_____
U.S. MAGISTRATE JUDGE

1
prok1915.57